OPINION
{¶ 1} Plaintiff-appellant, Ohio Civil Rights Commission ("OCRC"), appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment to defendants-appellees, Triangle Investment Company ("TIC"), Triangle Properties, Inc. ("TPI"), Triangle Real Estate Services, Inc. ("TRESI"), and Albany Club Condominiums Association ("ACCA"). For the following reasons, we reverse. *Page 2 
 {¶ 2} Defendants TIC, TPI, and TRESI constructed an apartment/condominium complex in Columbus, Ohio, known as Albany Club Apartments ("Albany Club"); defendant ACCA is the association of Albany Club apartment/condominium owners. Fair Housing Contact Service ("FHCS") filed a charge with OCRC alleging that defendants and architect Meacham Apel ("M A") engaged in unlawful discriminatory practices in violation of R.C. 4112.02(H)(20) and (22) in designing and constructing Albany Club. OCRC conducted a preliminary investigation of the charge and found it probable that the charged discriminatory practices had occurred.
 {¶ 3} After determining that conciliation efforts had failed, OCRC filed an administrative complaint. Defendants elected out of the administrative hearing process pursuant to R.C. 4112.051(A)(2), and the Attorney General of Ohio, on behalf of OCRC, filed a complaint against TIC, TRESI, ACCA and M A in the common pleas court. With leave of court, OCRC amended its complaint to add TPI as a defendant and to allege pattern and practice claims under R.C. 4112.052.
 {¶ 4} Pursuant to Civ.R. 41(A)(1)(b), M A was voluntarily dismissed with prejudice. The remaining defendants filed a joint motion for summary judgment, arguing, as relevant here, that the trial court lacked subject matter jurisdiction over OCRC's complaint because OCRC failed to conciliate during the administrative process as required by R.C.4112.05. OCRC's memorandum in opposition asserted that it fully complied with the jurisdictional requirements of R.C. 4112.05.
 {¶ 5} Thereafter, defendants moved the court for an order staying discovery pending the court's ruling on the summary judgment motion. In its entry granting the stay, *Page 3 
the court sua sponte set the matter for evidentiary hearing on the threshold jurisdictional issue of conciliation. The court stated:
 The Court has thoroughly reviewed the arguments and supporting evidence. The record demonstrates that the parties did engage in pre-suit discussions, but the parties' interpretations of these communications vary greatly. The Court finds that it cannot make a determination on this issue solely from the evidence presented. Furthermore, live testimony from the individuals involved would likely aid the Court in deciding whether the Commission fulfilled the prerequisites of R.C. 4112.05.
 * * * The parties shall be prepared to present all witnesses and evidence in support of their positions.
(January 26, 2006 Entry.)
 {¶ 6} On August 23, 2006, the court held an evidentiary hearing, following which the court issued a decision and entry granting defendants' motion for summary judgment. More particularly, the court found OCRC failed to conciliate, rendering the court without subject matter jurisdiction to consider OCRC's complaint. The court remanded the matter to OCRC without further instruction. OCRC appeals, assigning three errors:
 First Assignment of Error: The Trial Court erred when it held that the Commission did not attempt conciliation.
 Second Assignment of Error: The Trial Court erred when it held, based on errors and omissions in the proposed agreement, that the Commission did not engage in conciliation.
 Third Assignment of Error: The Trial Court erred when it did not stay the matter to allow additional conciliation to take place.
 {¶ 7} Defendants assert the following cross-assignment of error pursuant to App.R. 3(C)(1):
 Cross-Appellants' Assignment of Error: While properly finding that it lacked jurisdiction to consider OCRC's claims, the trial court erred by remanding the case to the Ohio Civil Rights Commission *Page 4 
inasmuch as the Ohio Civil Rights Commission had previously terminated all administrative proceedings against Defendants-Cross-Appellants, as specifically required by Ohio Revised Code § 4112.051.
 {¶ 8} OCRC's three assignments of error contend the trial court erred by granting defendants' motion for summary judgment. As such, we must consider whether the trial court acted in accordance with Civ.R. 56 in its disposition of defendants' motion for summary judgment.
 {¶ 9} Civ.R. 56(C) provides:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.
 {¶ 10} In Carrabine Const. Co. v. Chrysler Realty Corp. (1986), 25 Ohio St.3d 222, the Supreme Court of Ohio considered a procedural posture somewhat similar to that presented in the instant case. Therein, the trial court held a hearing on a motion for summary judgment at which a witness's oral testimony was presented for the first time. The trial court granted summary judgment for the defendant based upon that witness's testimony. The court of appeals reversed, holding that it was improper for the trial court to permit and consider supplemental oral testimony introduced at the summary judgment hearing when determining the Civ.R. 56 motion. In so holding, the appeals court noted that "[a]bsent [the witness's] testimony, the [trial] court was unable to determine [the issue] and therefore it could not grant summary judgment * * *." Id. at 225, quoting *Page 5 Carrabine Const. Co. v. Chrysler Realty Corp. (Dec. 22, 1983), Cuyahoga App. No. 46886.
 {¶ 11} Following remand, the defendant again moved for summary judgment, submitting the transcript of the witness's oral testimony from the prior hearing as part of its evidence. The new trial court granted the defendant's motion for summary judgment. The court of appeals reversed on grounds that the transcribed oral testimony was not properly before the court. The appeals court construed the language in former Civ.R.56(C) permitting "transcripts of evidence in the pending case" to mean "transcripts of evidence in the pending case otherwise than in connection with the motion for summary judgment." Based upon this construction, the appeals court concluded that "[t]he testimony should not have been presented and received in the first place and cannot be legitimatized by having it transcribed." Id. at 225, quotingCarrabine Constr. Co. v. Chrysler Realty Corp. (July 3, 1985), Cuyahoga App. No. 49251.
 {¶ 12} On appeal, the Supreme Court of Ohio disagreed with the court of appeals' analysis, concluding that the transcribed testimony was properly considered by the trial court in the second summary judgment proceeding. As pertinent here, the court held at the syllabus that "a trial court is precluded from considering supplemental oral testimony introduced for the first time at a hearing on a motion for summary judgment under Civ.R. 56." Id. at syllabus.
 {¶ 13} In the instant case, the trial court sua sponte set the summary judgment motion for an evidentiary hearing, stating that absent live testimony, it was unable to determine whether OCRC fulfilled the prerequisites of R.C. 4112.05. At the hearing, OCRC called one witness, Ranae Wallace, the OCRC investigator/conciliator assigned to *Page 6 
the case. The trial court heard Wallace's sworn testimony and stated in its decision and entry that "[h]aving had the opportunity to listen to the testimony and review the exhibits admitted, the matter is now ready for the court's consideration." (Trial Court's September 11, 2006 Decision and Entry, at 1.) The trial court then granted summary judgment in favor of defendants, stating, "there is no dispute of fact that the Commission did not conciliate and this Court lacks jurisdiction." Id., at 5.
 {¶ 14} The trial court, in effect, conducted a bench trial and subsequently relied upon the oral testimony of a witness at that trial in rendering summary judgment. As Carrabine instructs, "a summary judgment proceeding is not the proper setting for conducting a full trial." Id. at 225. Pursuant to Carrabine, it was improper for the trial court to order and consider supplemental oral testimony in determining the Civ.R. 56 motion. Accordingly, the trial court erred in granting summary judgment.
 {¶ 15} Although we have held that the trial court's reliance upon Wallace's oral testimony was improper under Civ.R. 56, thus rendering summary judgment inappropriate at this juncture, we note thatCarrabine also instructs that submission of the transcript of a witness's oral testimony from a prior summary judgment hearing is permitted under Civ.R. 56(C) in a second summary judgment proceeding. The court stated:
 * * * The [transcribed] testimony is embraced within Civ.R. 56 as "transcripts of evidence in the pending case." To rule that the transcript of [the witness's] testimony should not have been considered is, in effect, to rule that the transcript is not reliable evidence. However, the testimony is reliable. The transcribed testimony is sworn testimony in a court of law at a hearing in which opposing counsel was present. Opposing counsel had the opportunity to rebut the testimony and cross-examine [the witness]. Finally, the [second] summary judgment was granted by a judge who did not hear or witness the oral testimony. [The defendant] contends *Page 7 
that the transcribed oral testimony is analogous to a deposition transcript. We agree.
Id. at 225-226.
 {¶ 16} Accordingly, should either of the parties in this matter pursue a second summary judgment proceeding, submission of Wallace's transcribed oral testimony from the hearing on August 26, 2006 is permissible and may be considered by the trial court.
 {¶ 17} Having determined that the trial court improperly granted summary judgment for defendants, OCRC's three assignments of error are sustained, rendering defendants' cross-assignment of error moot. The judgment of the Franklin County Court of Common Pleas is reversed and this matter is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded.
 PETREE and KLATT, JJ., concur. *Page 1